FENDALL G. WINSTON v. F. B. HART and Wife.[1]

July 8, 1896.

Nos. 10,009—(239).

**Pledge—Construction of Contract—Redemption.**

> *Held*, upon the findings of fact in this action, which was brought to obtain a judgment directing the sale of certain securities pledged for the payment of a debt, that the trial court erred in its conclusions of law.

Appeal by plaintiff from an order of the district court for Hennepin county, Russell, J., denying a motion for a new trial. Reversed.

*Van Fossen & Frost*, for appellant.

*F. B. Hart*, for respondents.

COLLINS, J.[2] It seems necessary to state the facts in this case as found by the court with some particularity.

Prior to August 20, 1891, plaintiff brought an action upon a past-due interest-bearing promissory note for $2,154.49, made and deliv-

[1] Reported in 68 N. W. 72.    [2] Mitchell, J., took no part.

ered by defendant F. B. Hart, payable to plaintiff's order. On that day, to avoid an entry of judgment in said action, to obtain an extension of time, and to secure the debt, defendant Imogene L. Hart duly assigned and transferred her right, title, and interest in three separate life insurance policies which had theretofore been issued by a certain life insurance company on the life of said F. B. Hart, for the benefit of said Imogene L. Hart, his wife. It was mutually agreed between the parties that time for the payment of said note should be extended to October 1, 1891, and plaintiff gave to Imogene L. Hart an instrument in writing stating that fact, that the policies were held as security for the amount due on the note, that plaintiff would not resort to the security until after 60 days' notice to Imogene L. Hart of the default of F. B. Hart, and, further, that the former might redeem the policies by paying the cash surrender value as estimated by the insurance company. The note was not paid October 1, and on October 12 another note, for $2,500, payable to plaintiff's order July 1, 1892, without interest, was executed and delivered, to secure which the defendants executed and delivered a mortgage upon real estate, the separate property of Mrs. Hart. This note and mortgage were given as collateral security for the payment of the note first mentioned, which was not surrendered, but, as part of the consideration for the collateral security, the time of payment was extended to the due day of the collateral note. The action before mentioned was dismissed. May 11, 1894, plaintiff foreclosed the real-estate mortgage, and from the proceeds of the foreclosure sale received the sum of $2,-777.50, over and above costs and expenses, all of which was indorsed and credited upon the original note. This amount was largely in excess of the cash surrender value of the policies according to the estimate made by the insurance company. An action was then commenced by plaintiff against defendant F. B. Hart to recover the balance due upon the note first mentioned, and thereafter judgment was duly entered in said action against said defendant for the balance, $328.10, no part of which has been paid.

This action was commenced to obtain a judgment, against said defendants, F. B. and Imogene L. Hart, ordering a sale of said insurance policies that the proceeds might be applied in payment of this judgment. Previous to the bringing of this action Mrs. Hart demanded that the policies be surrendered and reassigned to her,

while plaintiff gave her due notice of his intention to resort to the same for the purpose of liquidating the balance due him from her husband. On these findings of fact the court below ordered judgment that plaintiff redeliver and reassign the policies to defendant Imogene L. Hart, and that defendants recover their costs and disbursements. Plaintiff's appeal is from an order denying a new trial.

The court below was clearly wrong in its conclusions of law, for, on the findings of fact, plaintiff was entitled to judgment as demanded in his complaint. The trial court seems to have been of the opinion, as we gather from what was said at the close of the testimony, that because the plaintiff agreed, when the policies were assigned to him by Mrs. Hart, that she might redeem them by paying their surrender value, the foreclosure of the mortgage subsequently given by her upon her separate real estate, and a sale of said estate for more than the surrender value, operated, in the absence of an express agreement to the contrary, as compliance with the provision for redemption. This position is wholly untenable.

Mrs. Hart assigned and transferred the policies to prevent an entry of judgment in the pending action, to obtain further time for payment, and as security for her husband's debt. The consideration was ample, and plaintiff then held the policies as security, subject to the provision for redemption by Mrs. Hart. She never attempted to exercise this right, but later, and without qualification, gave further and other security for another and new consideration. This operated as additional security, but in no manner affected the contract, previously entered into, under which the policies were pledged. Nor was it affected by a sale of the land to satisfy the mortgage for an amount in excess of the surrender value of the policies, for, in making that sale, and appropriating the proceeds, plaintiff did precisely what Mrs. Hart had authorized him to do when she gave the security,—nothing more. She voluntarily made two separate contracts, each based upon a different consideration, for different purposes, and with independent conditions. By its conclusions of law the court permitted her to inject into the last agreement a condition which was never there, namely, that if plaintiff foreclosed the mortgage, and from a sale realized more than the cash surrender value of the policies, he would reassign and return them to Mrs. Hart. That the plaintiff never agreed to accept the mortgage security in

place of the cash surrender value is evident. The courts have no power to compel him to do so, and the order refusing a new trial must be reversed.

Upon a claim that the conclusions of law were not justified by the findings of fact, counsel for appellant caused a case to be settled in the court below containing all of the evidence. This evidence is in the return on appeal, and occupies 27 pages of the paper book, in disregard of the plain provisions of subdivision 5 of rule 9 of this court. Appellant is not entitled to, and will not be allowed, any disbursements by the clerk for preparing, certifying, or printing the evidence.

The order is reversed, and, when the cause is remanded to the court below, judgment will be entered for plaintiff for the relief demanded in the complaint.

July 17, 1896.

PER CURIAM. Upon reading and filing the application of respondent for a modification of the opinion of this court in this cause, it is ordered that the direction of this court, given in the concluding paragraph of the foregoing opinion, be changed and modified by adding thereto the following words: "Unless, upon a proper showing and motion duly made, the court below orders a new trial of said action."